THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anonymous,<br><br>                    Petitioner,<br><br>    -against-<br><br>Mark Miller,<br><br>                    Respondent. | 24-CV-01360 (RA) (RFT)<br><br>**OPINION AND ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On February 22, 2024, Petitioner, filed this petition under 28 U.S.C. § 2254 seeking a writ of habeas corpus. (ECF 1, Petition for Writ of Habeas Corpus.) On May 22, 2024, the Court temporarily restricted the public's access to certain filings in this case and set deadlines for Petitioner to file a formal application to seal the filings in this case and for Petitioner to proceed anonymously. (*See* ECF 16, Order.) Pending before the Court is Petitioner's "Letter Motion to Seal," which requests that the Petitioner be permitted to proceed anonymously and that all filings in the case be sealed. (*See* ECF 20, Letter Motion To Proceed Anonymously.)

After carefully considering Petitioner's request, for the reasons set forth below, Petitioner's motion to proceed anonymously is GRANTED, in that Petitioner may proceed anonymously to the public; and Petitioner's motion to seal the filings in this case is GRANTED IN PART and DENIED IN PART, in that Petitioner may make filings in redacted form, redacting Petitioner's name and identifying information, with the unredacted versions of the filings remaining under seal and the redacted versions being available to the public.

**FACTUAL BACKGROUND**

Petitioner was arrested on November 13, 2009, for a burglary/assault in the Bronx, New

York. (*See* ECF 1, Petition at 1.) On March 17, 2011, Petitioner entered into a plea agreement with the Bronx County District Attorney's Office and subsequently entered a guilty plea to counts 1 and 32 of the indictment; the Court allocuted as to the promised sentence of 11 years imprisonment with 15 years post-release supervision. (*See id*.) It is undisputed that under the terms of the plea agreement, Petitioner was required to provide information about the criminal activity of his co-defendants, which he did in a series of proffers. (*See id*. at 8-11.) Approximately 90 days after entering the guilty plea, Petitioner fired his attorney; through various newly appointed counsel he subsequently sought to vacate the plea. (*See id*. at 11-22.) The trial court determined that Petitioner violated the cooperation agreement by seeking to withdraw the guilty plea and Petitioner was sentenced to concurrent terms of 25 years to Life and 25 years' imprisonment with 20 years of post-release supervision. (*See id*. at 25.)

Petitioner appealed the conviction, primarily arguing the unenforceability of the plea agreement. (*See id.* at 1-2.) Petitioner also filed a motion in state court to proceed anonymously and on April 21, 2016 the Appellate Division, First Department, granted the motion, sealing the record on appeal and all future filings. (*See* ECF 1-1, A-002.) After reviewing the brief and the record, the First Department denied Petitioner's appeal on February 16, 2021, (*see* ECF 1, Petition at 2) and leave to appeal to the New York Court of Appeals was later denied (*see id.* at 3).

Petitioner filed this habeas petition on February 22, 2024 and seeks to proceed anonymously. (*See id.*, Cover Page.) On May 22, 2024, the Court temporarily restricted the public's access to certain filings in this case and set deadlines for Petitioner to file a formal application to seal the filings in this case and for Petitioner to proceed anonymously. (*See* ECF

2

16, Order.) On June 11, 2024, Petitioner filed a letter motion to proceed anonymously (ECF 20, Letter Motion to Proceed Anonymously) and Respondent filed a response taking no position on this issue (ECF 21, Letter).

## LEGAL STANDARDS

**I.       Proceeding Anonymously**

Federal Rule of Civil Procedure 10(a) requires that "[t]he title of [a] complaint must name all the parties[.]" There is an important public interest in knowing who makes use of the judicial system. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (explaining that "identifying the parties to the proceeding is an important dimension of publicness"). Courts in the Second Circuit apply a non-exhaustive ten-factor test to determine whether a party may litigate a case anonymously or pseudonymously. *See id.* These factors are whether: (1) the litigation involves matters that are of a "highly sensitive and personal nature"; (2) "identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties"; (3) "identification presents other harms and the likely severity of those harms"; (4) "the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly because of [the plaintiff's] age; (5) "the suit is challenging the actions of the government" rather than private parties; (6) the "defendant is prejudiced by allowing the plaintiff to press his claims anonymously"; (7) the party's "identity has thus far been kept confidential"; (8) "the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity"; (9) "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (10) there are alternative mechanisms for protecting the

3

confidentiality of the parties. *Id.* at 190. In its analysis, the Court need only consider applicable factors. *See id.* at 191 n.4 (explaining that a court "is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion").

## II. Sealing Court Records

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of N.Y.*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *In re Orion Pictures Corporation,* 21 F.3d 24, 27 (2d Cir. 1994).

In evaluating an application to file documents under seal, a Court must engage in a three-part analysis. *See Lugosch* 435 F.3d at 119-20. First, the Court must determine whether the documents at issue are "judicial documents," as to which both a common law and a constitutional presumption of public access applies. *Id.* at 119. "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *U.S. v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995)). A document is "'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion . . . ." *In re Arida, LLC*, No. 19-MC-

522 (PKC), 2020 WL 8513844, at *1 (S.D.N.Y. Dec. 23, 2020) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)).

When the documents a party seeks to seal are "judicial documents," the Court must then determine how much weight to assign to the presumption of access. *See Lugosch,* 435 F.3d at 119. As the Second Circuit Court of Appeals has explained:

> [T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

*Id*. (quoting *Amodeo,* 71 F.3d at 1049). When a party seeks to seal a pleading, such as a complaint, which is a "core" judicial document, *Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438 (AT) (BCM), 2020 WL 1130699, at *2 (S.D.N.Y. Mar. 6, 2020), the weight of the presumption is "heavy." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017). "Documents filed in connection with . . . non-dispositive motions . . . are subject to a 'still substantial' presumption of public access." *Arida*, 2020 WL 8513844, at *1 (quoting *Brown*, 929 F.3d at 53).

Finally, the Court must determine whether the parties seeking to keep the judicial document under seal have met their burden of demonstrating there are "countervailing factors," "competing considerations," or "higher values" sufficient to overcome the presumption of access. *Lugosch*, 435 F.3d at 120, 124. Neither "conclusory assertion[s]" of harm nor "[b]road and general findings by the trial court" will suffice. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Rather, a judicial document may be sealed only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and

5

is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *N.Y. Times*, 828 F.2d at 116).

## ANALYSIS

**I.        Petitioner's Request that Petitioner Be Permitted To Proceed Anonymously**

The second and third *Sealed Plaintiff* factors consider the harm that a plaintiff may face from disclosing his or her identity. "If disclosure creates risk of harm from third parties, disclosure is disfavored." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at*4 (S.D.N.Y. May 12, 2020). The risks must be more than speculative claims of physical or mental harms. *See Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) (citing *Michael v. Bloomberg L.P.*, No. 14-2657, 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015)). Courts have permitted a petitioner seeking a writ of habeas corpus to proceed anonymously where the proceedings at issue detailed the petitioner's decision to cooperate with the government, and the petitioner's habeas petition attacked the plea agreement in which the petitioner agreed to cooperate with the government. *See U.S.s v. Doe*, 655 F.2d 920, 922 n. 1, 923-24 (9th Cir. 1981).[1]

Here, Petitioner points to harm that goes beyond mere speculative claims. Plaintiff claims "information relayed during . . . [proffer] sessions [involving federal and state prosecutors] concerned multiple crimes – including homicides – committed by petitioner-defendant's co-defendant, who was released from DOCCS custody on June 2023," and

---

[1]        "In *Sealed Plaintiff*, the Second Circuit expressly endorsed the Ninth Circuit's formulation regarding when a party may proceed anonymously. The court cited the Ninth Circuit decision *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), which in turn relied on the decision in *United States v. Doe*, 655 F.2d 920, and in particular its holding that nondisclosure of a party's identify is permissible only in the unusual case." *Doe v. Greiner*, 662 F.Supp.2d 355, 362 n.7 (S.D.N.Y. 2009).

Petitioner's "safety would be jeopardized" if such information were made more accessible. (*See* ECF 20, Letter Motion To Proceed Anonymously.) The underlying case filings, which are part of the federal record and describe the nature of Petitioner's proffer statements that led to the conviction of certain co-defendants, tip the second and third *Sealed Plaintiff* factors in Petitioner's favor. *See Greiner*, 662 F. Supp. 2d at 361 (finding that the petitioner had failed to show that there was a risk of harm because no document filed in federal court described the nature of his work as an informant and there was no indication that anyone was ever arrested as a result of his cooperation).

The sixth *Sealed Plaintiff* factor supports granting Petitioner's request to proceed anonymously. There is no dispute that Respondent will not be prejudiced if Petitioner proceeds anonymously because Respondent has known Petitioner's identity since the beginning of this action and takes no position on the application. (*See* ECF 21, Letter.)

Based on the foregoing analysis, Petitioner should be permitted to proceed anonymously under *Sealed Plaintiff. See Doe v. Barr,* 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020) (granting Petitioner's request to proceed anonymously where four of the ten factors weighed in favor of Petitioner).

II.     **Petitioner's Request To Seal the Court Filings in this Case**

Petitioner also asks this Court to seal this case in its entirety, which necessarily would entail sealing judicial documents. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (holding that pleadings are judicial documents); *In re Arida, LLC*, 2020 WL 8513844, at *1 (explaining that filings containing the arguments that a court is being

asked to consider in exercising its decision-making authority are judicial documents because such filings "have a reasonable tendency to influence" a court's decision on a motion).

Because Petitioner seeks to seal judicial documents, the Court must determine the weight of the presumption in favor of public access. *See Lugosch,* 435 F.3d at 119. Petitioner asks to seal the entire case, which includes "core" judicial documents, and so the presumption of public access is heavy. *See Under Seal*, 273 F. Supp. 3d at 470.

While Petitioner has raised countervailing considerations in support of the request to seal – the physical harm Petitioner would suffer from disclosure – Petitioner has not demonstrated that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citing *In re N.Y. Times Co.,* 828 F.2d at 116). Petitioner has not made a proper showing that sealing the entire case is the only appropriate mechanism for protecting the confidentiality of Petitioner. Here, Petitioner's valid interest in avoiding physical danger that could potentially result from disclosure of Petitioner's identity may be addressed by the more narrowly tailored remedy of allowing Petitioner's name and identifying information to be redacted from the filings in this case, with the redacted versions of the documents being available to the public and the unredacted versions being sealed.

## CONCLUSION

After carefully considering Petitioner's application, for the reasons set forth above, Petitioner's motion to proceed anonymously is GRANTED; and Petitioner's motion to seal the filings in this case is GRANTED to the extent that Petitioner may make filings in redacted form, redacting Petitioner's name and identifying information, as well as the name and identifying information of certain relevant co-defendants, with the unredacted versions of the filings

remaining under seal and the redacted versions being accessible to the public.

Petitioner is ORDERED to file on the docket by June 30, 2024 redacted versions of the documents appearing at ECF 1-1, 1-2, 1-17, 7-1, 17-1 and 18, redacting Petitioner's name and other personal identifying information as well as the names of any relevant co-defendants.

The Clerk of Court is respectfully directed to terminate ECF 20.

DATED:  June 17, 2024
       New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

9